UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>J C Lister,<br><br>　　　　　　　　Defendant. | Case No. 3:10-cr-00071-HDM<br><br>ORDER |

　　The defendant, J C Lister, has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 41).[1] The government has opposed (ECF No. 47). The defendant has not filed a reply, and the time for doing so has expired.

　　Lister is serving two concurrent sentences of 120 months' and 188 months' imprisonment on his conviction of one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2), and one count of possession with intent to distribute at least 50 grams of actual methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(viii). (ECF Nos. 15, 19, 20 & 26). His current projected release date is September 6, 2025.[2] He now seeks early release pursuant to § 3582(c)(1)(A).

---

[1] The Federal Public Defender has filed a notice of non-supplementation pursuant to Second Amended General Order 2020-06. (ECF No. 46).

[2] *See* https://www.bop.gov/inmateloc/ (last visited Feb. 26, 2025).

1

Section 3582(c)(1)(A) provides, in relevant part:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term
>
> of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[3]

The applicable policy statement is set forth in U.S.S.G. § 1B1.13.[4] Section 1B1.13 provides, in relevant part, that a

---

[3] In addition to "extraordinary and compelling reasons," the court may grant a motion if "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii). Lister has not served more than thirty years in prison and is not at least 70 years old, so this provision does not apply.

[4] *United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021), which held that the version of § 1B1.13 then in effect was not an "applicable policy statement" binding on the courts, no longer controls following the November 2023 amendments to § 1B1.13. *See United States v. Eklund*, 2024 WL 623903, at *1 (D. Alaska Feb. 14, 2024); *United States v. Arcila*, 2024 WL 578688, at *2 (D. Or. Feb. 12, 2024); *United States v. Ashcraft*, 2024 WL 519966, at *1 (E.D. Cal. Feb. 9, 2024).

2

§ 3582(c)(1)(A) motion may be granted upon a finding that: (1) extraordinary and compelling reasons warrant a reduction; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.S. § 3142(g); and (3) the reduction is consistent with the policy statement.

A defendant is not entitled to be present for any hearing on a motion for compassionate release. *See* Fed. R. Crim. P. 43(b)(4).

Preliminarily, Lister claims he exhausted his motion by filing a request with the warden of his institution. (ECF No. 41 at 5). He provides no evidence of such filing. But because the government has not raised exhaustion in its response, any argument that the motion was not exhausted is considered waived. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (Section "3582(c)(1)(A)'s administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government."); *United States v. Ortiz*, 2023 WL 1781565, at *3 (W.D. Wash. Feb. 6, 2023) ("[I]f the government does not raise the exhaustion requirement, it may be waived as a ground for opposing compassionate release.").

Lister asserts that extraordinary and compelling reasons exist based on the following: (1) "medical circumstances," specifically monthly injections to treat opioid use disorder; (2) COVID-19; (3) the fact he has served nearly all of his sentence; (4) his conditions of confinement, including (i) threats to his safety due to his race and status as an informant, requiring him to spend many years in a special housing unit, (ii) the slamming of his hand in a food slot door

3

by a staff member, and (iii) the disappearance of his complaints and requests for medical records; and (5) his rehabilitation. The government argues that Lister has not satisfied the requirements for relief set forth in § 1B1.13, and that the § 3553(a) factors do not support a reduction in sentence.

The court agrees that none of the arguments raised by Lister qualifies as an extraordinary and compelling reason justifying a reduction in sentence.

Lister identifies "medical circumstances" as the basis for his motion. (ECF No. 41 at 1). The Guidelines set forth several examples in which the "medical circumstances of the defendant" may qualify as extraordinary and compelling reasons. U.S.S.G. § 1B1.13(b)(1). Those circumstances include where the defendant is suffering from a terminal illness, a serious physical or medical condition, a serious functional or cognitive impairment, age-related physical or mental health deterioration, or "from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(A)-(C). Monthly injections to combat opioid dependency do not fit any of these criteria.

The Guidelines also provide that extraordinary and compelling reasons may exist where:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority; (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a

4

> result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1)(D). Beyond his conclusory assertion of "COVID-19" -- and even assuming without deciding that COVID-19 could still be covered by this provision -- Lister does not explain how his institution is being affected, what measures it has taken or not taken, why any measures taken are not enough, or how he is at particularized increased risk of suffering severe medical complications or death from exposure to COVID-19. He has not therefore established extraordinary and compelling reasons.

None of Lister's other assertions is recognized as an extraordinary and compelling reason under § 1B1.13(b), nor is any, alone or combination, of similar gravity to the listed examples. Finally, rehabilitative efforts do not on their own, *see* U.S.S.G. § 1B1.13(d), or in combination with the other factors, support a finding of extraordinary and compelling reasons for a reduction in sentence.

However, even if the above did amount to extraordinary and compelling reasons for a sentence reduction, the relevant § 3553(a) factors do not favor a reduction in sentence here. The facts underlying the offense included the sale of two dozen firearms, many of which were stolen or unregistered, as well as multiple drug transactions. Lister's history and characteristics also do not favor a reduced sentence. His criminal history category, a level VI, included other firearm and drug offenses, dangerous driving offenses, and – most troubling - physical abuse of his seven-year-old child. His conduct in prison

5

includes recent admissions to assaulting another inmate. (ECF No. 47-1 at 3). After considering all the relevant § 3553(a) factors, the court concludes that, given the high number of firearms and drug sales at issue in this case, Lister's criminal history, and Lister's conduct while incarcerated, the original sentence imposed remains necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

Accordingly, IT IS THEREFORE ORDERED that Lister's motion for reduction of sentence (ECF No. 41) is DENIED.

IT IS SO ORDERED.

DATED: This 11th day of March, 2025.

_____
UNITED STATES DISTRICT JUDGE